**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JOHNNIKA LOFTIN,**

    Petitioner,

vs.                                                           Case No. 4:07cv208-RH/WCS

**WARDEN PAIGE AUGUSTINE,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with supporting exhibits. Docs. 1 and 1-2. Pursuant to court order, doc. 3, the filing fee was paid.

Petitioner was convicted pursuant to a plea agreement of counts one and nine as charged in the Southern District of Alabama, for conspiracy to possess with intent to distribute marijuana, and conspiracy to possess with intent to distribute cocaine and crack cocaine. Doc. 1-2, Exs. B and C (pp. 1 and 8 on the electronic docket). Petitioner admitted that the Government could prove certain facts beyond a reasonable doubt, including that:

> A pistol with a laser sight was found under the driver's seat of her car, which was parked in front of the residence [belonging to Petitioner's mother, where Petitioner was staying]. This is the same vehicle she drove

to the undercover sales of cocaine and crack cocaine involving Officer Nixon.

Doc. 1-2, Ex. B (p. 6 on the electronic docket). The amount of crack cocaine involved was in dispute, to be determined by the court at the time of sentencing. *Id.*

Petitioner has supplied a copy of the "Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility," dated July 11, 2006 Doc. 1-2, Ex. A (p. 1 in ECF). Petitioner was deemed eligible for the program but advised that she did not appear to be provisionally eligible for early release. "You have a two level enhancement for Specific Offense Characteristic in your PSI for gun possession. Thus, you are ineligible for early release." *Id.* Petitioner signed her name under the statement she understood a determination of early release eligibility, if applicable, "is <u>provisional, may change,</u> and depends on continued positive behavior and successful participation in all components of the program, including community transitional services." *Id.*, (emphasis in original).

In the § 2241 petition, Petitioner claims that the Bureau of Prisons (BOP) has misapplied the law governing eligibility for early release under the Residential Drug Treatment Program (RDAP). Petitioner did not pursue administrative remedies with the BOP, stating that she "[d]id not utilize prison grievance system due to time restraints and BOP's practice of categorical exclusions." Doc. 1, p. 4A (p. 4 in ECF). She asserts that:

> I only pled guilty to 8,536 kilograms of marijuana equivalency. At sentencing the Court imposed a two point gun enhancement although the plea agreement stated drugs only. The judge recommended I take the RDAP where I expected to receive the one year sentence reduction based upon successful completion. Also my superceding indictment never mentioned a gun being involved.

*Id.*, p. 4B (p. 5 in ECF).  For relief, Petitioner asks the court to "[d]irect the BOP to grant [a] one year sentence reduction for successful completion of the RDAP."  *Id.*, p. 7 (p. 8 in ECF).

The provisional determination of ineligibility was dated almost a year ago, and Petitioner apparently did not attempt to pursue administrative remedies at that time.  It may be that she is just now seeking relief from the court either because she has completed the RDAP, or because a one year sentence reduction would result in release very soon or immediately.[1]  Petitioner has not exhausted remedies, however, and is not entitled to relief even if the failure to exhaust remedies could be excused.

"An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [at the institution, to the regional director, and the general counsel].  The appeal to the office of the general counsel is the final administrative appeal provided by the BOP."  Irwin v. Hawk, 40 F.3d 347, 349, and n. 2 (11th Cir. 1994), *cert. denied*, 516 U.S. 835 (1995). (citations omitted).[2]  Prisoners seeking habeas corpus relief under § 2241 must exhaust administrative remedies, and the exhaustion requirement is jurisdictional.  Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citation omitted); Winck v. England, 327 F.3d 1296, 1300, n. 1 (11th Cir. 2003) (citing Gonzalez); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.),

---

[1] According to the Inmate Locator for the Bureau of Prisons (available on the BOP website), Petitioner's projected release date is July 28, 2008.

[2] In the context of a civil rights action against federal actors rather than a § 2241 petition, the court in Irwin held that exhaustion was required where the inmate sought both monetary and injunctive relief.  *Id.*, at 348-349 (citations omitted).  Exhaustion in prisoner civil rights actions, even those seeking only damages, is now required by the Prison Litigation Reform Act (PLRA) of 1996.  *See, e.g.*, Alexander v. Hawk, 159 F.3d 1321, 1323 and n. 4 (citing Irwin and discussing the PLRA, other citations omitted).

*cert. denied,* 541 U.S. 1036 (2004).[3]  "Also jurisdictional is '[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'"  327 F.3d at 1300, n. 1 (citations omitted).

The fact that relief will not likely be granted through the administrative process, or that the inmate's release date already passed, does not excuse exhaustion.  Irwin, 40 F.3d at 349 (rejecting futility argument even if denial of relief by the BOP is the likeliest outcome); Winck, 327 F.3d at 1306 (rejecting argument that outcome of administrative procedure would be biased and predetermined); Gonzalez, 959 F.2d at 212 (rejecting argument that petitioner need not exhaust remedies since his presumptive release date already passed).  If Petitioner failed to exhaust and exhaustion is jurisdictional, then the court has no authority to waive the requirement and the petition should be dismissed on that basis.

Alternatively, Petitioner is not entitled to relief on the merits.  Section 3621(e)(2)(B) provides that the BOP *may* reduce a sentence upon successful completion of an RDAP.  Contrasting the "use of the permissive 'may' in § 3621(e)(2)(B)," with the use of "shall" elsewhere in the statute, "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, . . . to reduce his term of imprisonment."  Lopez v. Davis, 531 U.S. 230, 241, 121 S.Ct. 714, 722, 148 L.Ed.2d 635 (2001).  The Court in Lopez found that the

---

[3] In Skinner, the court was presented with "whether, despite the PLRA's inapplicability to habeas petitions, a prisoner is still required to exhaust his administrative remedies in all cases." *Id.*, at 1295, *citing* Gonzalez and Irwin. Noting other circuits had consistently required exhaustion of administrative remedies, the court held that § 2241 petitions "are subject to administrative exhaustion requirements." *Id.*, (collecting cases).  Because remedies were not exhausted, the court did not address the merits.  *Id.*

BOP may categorically exclude prisoners from eligibility based on preconviction conduct, and found the regulation at issue there was permissible. *Id.*, at 244, 121 S.Ct. at 724.  As in this case, the petitioner there had received a two level enhancement for possession of a firearm in connection with the offense. *Id.*, at 236, 121 S.Ct. at 719. The Court agreed with the BOP that it acted reasonably:

> Its denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life; accordingly, in the interest of public safety, they should not be released months in advance of completing their sentences.

*Id.*, at 240, 121 S.Ct. at 721 (footnote omitted).

Here too, Petitioner was denied release due to the two level enhancement for gun possession.  The discretion to make this decision was vested in the BOP by § 3621(e)(2)(B).  *See also* Lopez, 531 U.S. at 239-240, 121 S.Ct. at 721-722 (agreeing with the argument that even if the prerequisites of § 3621(e)(2)(B) are met, "the Bureau 'may,' but also may *not*, grant early release.") (emphasis in original).

Petitioner has not shown error.  There can be no due process violation, as Petitioner had no liberty interest entitled to due process protection in obtaining a sentence reduction.  "Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest."  Cook, 208 F.3d 1314, 1323 (11th Cir. 2000) (citations omitted).

> Not only is section 3621(e)(2)(B) written in nonmandatory language, but denial of the one year reduction doesn't "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In fact, denial merely means that the inmate will have to serve out his sentence as expected.

McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir.1999), *cert. denied*, 528 U.S. 1086 (2000), *quoting* Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (other citation omitted).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (doc. 1) be **SUMMARILY DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2007.

      s/    William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.